# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:12-CR-181-ALM-CAN |
| | § | |
| ANTHONY JOSEPH MABE (15) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Anthony Joseph Mabe's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on October 18, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Doug Schopmeyer of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Anand Varadarajan.

Defendant was sentenced on July 11, 2014, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams of a Mixture or Substance Containing a Detectable Amount of Methamphetamine and/or 50 Grams or More of Methamphetamine (actual), a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of VI, was 151 to 188 months. Defendant was subsequently sentenced to 151 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, and mental health treatment. Pursuant to an 18 U.S.C. § 3582(c)(2) Motion, the sentenced was reduced to 130 months imprisonment on May 31, 2016. On March 22, 2017, this case was reassigned from Senior U.S. District Judge Richard A.

Schell to U.S. District Judge Amos L. Mazzant, III. On April 17, 2021, Defendant completed his period of imprisonment and began service of the supervision term.

On September 1, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 1452, Sealed]. The Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state, or local crime; (2) The defendant shall refrain from any unlawful use of a controlled substance; (3) The defendant shall not leave the judicial district without the permission of the Court or probation officer; (4) The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer; and (5) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer [Dkt. 1452 at 1-3, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On July 15, 2022, Defendant was contacted during a traffic stop in Lindale, Texas, and arrested on a warrant for Aggravated Assault with a Deadly Weapon out of Hunt County, Texas, in violation of Texas Penal Code § 22.02(a)(2). According to the Hunt County, Texas, Sheriff's Office (HCSO) Incident Report and Probable Cause Statement, on May 9, 2022, Brook Avery, called the HCSO to report that she met Defendant to give him some items after they had broken up. She reported Defendant took her cellular telephone away from her, pulled a knife out, and began chasing her around her vehicle. Ms. Avery reported she was able to get into her car, but Defendant opened her door and struck her in the left arm with the same hand he was holding the knife in. He then ran to the opposite side of her car and began stabbing both her front and back passenger side tires, causing her tires to deflate. Defendant returned to his vehicle and fled the scene. The responding officer observed bruising on Ms. Avery's left forearm, a broken rear window, damaged front side mirror,

and damaged front windshield. Ms. Avery told the officer, who observed bruising on her arm, that this incident was the third incident involving Defendant damaging her vehicle. A witness confirmed Ms. Avery's description of the events. The Aggravated Assault with a Deadly Weapon charge was dropped on August 31, 2022; however, his conduct in this offense is also a violation of Texas Penal Code § 22.01 – Assault Causing Bodily Injury, Family Violence; (2) On September 8, 2021, Defendant submitted a urine specimen at the U.S. Probation Office in Plano, Texas, that was positive for methamphetamine. He signed an admittance form admitting he used methamphetamine with a stranger he met at a hotel on September 5, 2021; (3) Defendant has been residing in or around Greenville, Texas, which is outside the jurisdictional boundaries of the Eastern District of Texas. This was confirmed by Officer Terry Jones with the Hunt County, Texas, Sheriff's Office on July 6, 2022; (4) Defendant failed to submit his monthly supervision reports by May 5, June 5, and July 5, 2022; and (5) Defendant failed to inform his probation officer of his contact with the Alba, Texas, Police Department on April 23, 2022 [Dkt. 1452 at 1-3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 2 through 5 of the Petition. The Government dismissed allegation 1 of the Petition. Having considered the Petition and the plea of true to allegations 2 through 5 of the Petition, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 1463, 1464].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to

be imprisoned for an additional term of imprisonment of twenty-one (21) months, with three (3) years of supervised release to follow.

The Court further recommends imposition and/or reimposition of the following special conditions: (1) You must provide the probation officer with access to any requested financial information for purposes of monitoring his ability to obtain and maintain lawful employment; (2) You must participate in a program of testing and treatment for drug abuse, and follow the rules and regulations of that program until discharged.  The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (3) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged.  The probation officer, in consultation with the treatment provider, will supervise your participation in the program.  You must pay any cost associated with treatment and testing; and (4) You must have no contact with Brook Michelle Avery.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in FCI Terre Haute, Indiana, if appropriate.

**SIGNED this 1st day of November, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE